IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KHODARA ENVIRONMENTAL II, INC., )<br>General Partner and on behalf of           )<br>EAGLE ENVIRONMENTAL II, L.P.,     )<br>                                                                 )<br>                              Plaintiff,            )<br>                                                                 )<br>                  v.                                            )<br>                                                                 )<br>                                                                 )<br>CHEST TOWNSHIP,                              )<br>                                                                 )<br>                              Defendant.         ) | CIVIL ACTION NO. 3:2002-96<br><br><br><br><br><br><br><br>JUDGE GIBSON |

## **MEMORANDUM OPINION and ORDER OF COURT**

**GIBSON, J.**

This case comes before the Court on Plaintiff's Motion for Reconsideration and Response to Motion to Compel.  Document No. 93.

### JURISDICTION

This Court has personal jurisdiction over the parties, and possesses subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1367.  Venue is proper in accordance with 28 U.S.C. §1391.

### BACKGROUND

Plaintiff, Eagle Environmental II (hereinafter "Plaintiff" or "Eagle II"), brought this action as a result of the Defendant, Chest Township (hereinafter "Defendant" or "Township"), allegedly taking actions to prevent the Plaintiff from constructing and operating a landfill within the Township.  Third Amended Complaint, ¶¶28-36.  On May 22, 2007, the Defendant filed a Motion to Compel Discovery, asking for four categories of documents allegedly in the possession of the Plaintiff.

Document No. 89. Having received no response from the Plaintiff,[1] this Court entered an order on June 8, 2007, for the production of all four categories of documents. Document No. 92. Plaintiff then filed its Motion for Reconsideration and Response to Motion to Compel within ten days of that order. Document No. 93.

## ANALYSIS

As long as a district court retains jurisdiction over a case, it has power over interlocutory orders, and the court may "reconsider them when it is consonant with justice to do so." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973). While a Court may deny a motion for reconsideration without opinion, this Court grants the Plaintiff's Motion for Reconsideration of its order of June 8, 2007 as it would only truly be consonant with justice if the motion was decided on its merits. After reconsideration, the Defendant's Motion to Compel is granted in part and denied in part.

---

[1] Plaintiff mentions that he believed he still had time to file a response when this Court issued the order of June 8, 2007, under Western District of Pennsylvania Local Rule 7.1. Document No. 93, p.1. However, Plaintiff does not say what it was about the rule which led him to believe this. This court has a ten day response period for motions to compel. See Judge Gibson's Practices and Procedures, http://www.pawd.uscourts.gov/Documents/Public/Reference/gibson.pdf.

The motion under reconsideration by the Court deals with matters of discovery, which is controlled by Federal Rule of Civil Procedure 26.

> The scope of discovery as defined in Federal Rule of Civil Procedure 26(b)(1)[2] is limited only by relevance, *Milner v. National School of Health Technology*, 73 F.R.D. 628 (E.D.Pa. 1977), and relevance is construed broadly to include "[a]ny matter that bears on, or that reasonably could lead to other matter that court bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353, 98 S.Ct. 2380, 2389-90, 57 L.Ed.2d 253, 265 (1978).

*Midland-Ross Corp. v. United Steelworkers of America, AFL-CIO*, 83 F.R.D. 426, 427 (W.D.Pa. 1979). Therefore, the need for something to be "relevant" to be discoverable is a relatively low threshold to meet as compared to relevance under F.R.E. 401. *See Fort Washington Resources, Inc. v. Tannen*, 153 F.R.D. 78, 79 (E.D.Pa. 1994). Those documents which are relevant to anything that may relate to a matter at issue in the case will be ordered to be produced. However, the Court cannot order the production of documents which do not exist. *Washington v. Thurgood Marshall Academy*, 232 F.R.D. 6, 13 (D.D.C. 2005). "[I]t is not a bar to the discovery of relevant material that the same material may be in the possession of the requesting party or obtainable form another source." *Tannen*, 153 F.R.D. at 79 (citations omitted).

---

[2] Rule 26(b)(1) states in part: "Parties may obtain discovery regarding any matter, not privileged, **which is relevant to the subject matter involved in the pending action**, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." (emphasis added).

Additionally, the parties should note that failure of a party to disclose any information required by Rule 26(a) or Rule 26(e)(2) can become subject to sanctions (including, but not limited to, attorney's fees, reasonable expenses, informing the jury of the failure to disclose, or preclusion of such information as evidence at trial) under Federal rule of Civil Procedure 37.

The Court now looks at each of the categories of documents in turn.

### Financial Statements and Tax Returns for Eagle II

Defendant requests the production of tax returns and financial statements of Eagle II. Document No. 89 ¶, 25. The information contained therein is potentially relevant to Eagle II's claim of damages and to one of the Township's defenses that Eagle II never had the money necessary to construct a landfill.

The Plaintiff argues that it should not have to produce tax returns and other financial documents because these documents would only provide the Defendant with information it already possesses. Document No. 93, p.3. However, this is not a valid objection to discovery. *See Tannen, supra.*

Therefore, in the case *sub judice*, the Plaintiff must produce the documents, regardless of whether the Defendant is already in possession of the information they contain. As for the tax returns that the Plaintiff claims it does not possess (Document No. 93, p.4), the Plaintiff does not state why it is not in possession of them. Plaintiff has not argued that it would be burdensome for it to obtain the documents; rather, it asserts that the requested documents have not yet been located. Plaintiff also agrees that it will produce the tax documents "if located." *Id.* Therefore, Plaintiff must produce all tax returns and financial statements which the Defendant has requested subject to those documents being located. In the event the documents are not located in spite of reasonable efforts of the Plaintiff, then the Plaintiff shall provide to the Defendant an explanation of why they cannot be located and a detailed description of the efforts taken to attempt to locate the requested documents.

4

**Agreement Between Eagle II and Eagle III**

Defendant also requests a document which represents an agreement between Eagle II and Eagle III.[3] Document No. 89, ¶ 24. Defendant claims that it may be relevant if Eagle II assigned any of the claims it is now asserting against the Defendant to Eagle III. *Id.* Defendant now also claims that it may be relevant in that financial information contained in the document could relate to damages. Document No. 98, p.4.

Plaintiff objects to the production of this document because it contains confidential business information. Document 93, p.4. Plaintiff's counsel previously wrote to counsel for the Defendant stating that he would make the agreement available for review but not for copying. Document No. 93, Exhibit A. Also, in Plaintiff's Motion for Reconsideration and Response to Motion to Compel, Plaintiff reiterated that the Defendant's counsel may review and analyze the document at "a mutually agreed upon and convenient location" for as long as the Defendant's counsel required. Document No. 93, p.5. Additionally, Defendant has stated its willingness to enter into a confidentiality agreement concerning the document. Document No. 89, ¶ 24; Document No. 98, p.4.

As the parties cannot agree on the method by which Defendant will be allowed to review the document, and as the business interest of Eagle III, an entity not a party to this litigation, need to be protected, this Court orders that the parties follow Plaintiff's counsel's original suggestion in his letter of May 2, 2007, to counsel for the Defendant. Document No. 93, Exhibit A. Counsel for both parties will meet at a place which is mutually agreeable and convenient, and then, if after reviewing the

---

[3]Eagle III is not a party to this civil action and is not affiliated with the Plaintiff. Plaintiff's Motion to Reconsider (Document No 93) p.4. Eagle II assigned its assets to Eagle III. Defendant's Motion to Compel (Document No. 89) p.5.

5

document, counsel for the Defendant believes that copying of the document is necessary, the Defendant may seek further assistance from the Court.

## Documents Used in the Preparation and Creation of the Busey Summary

Defendant believes that the Plaintiff will be relying on an accounting summary prepared by Robert Busey[4] (hereinafter "Busey"), which the parties refer to as the "Busey Summary," as a basis for calculating damages. Document No. 98, p.5. Defendant argues that the Busey Summary contains specialized code and references to the other documents, but that those documents used in the preparation of the Busey Summary were never produced. *Id.* Defendant claims these documents are needed to be able to dispute the damages claimed by the Plaintiff. *Id.* Defendant also states that if the Plaintiff will enter into a written stipulation that the Plaintiff will not rely on the Busey Summary to support its claim for damages, then the Defendant will withdrawal its request for production of the supporting documents to the Busey Summary. *Id.*

Plaintiff argues that the documents regarding the Busey Summary and other documents from the Plaintiff's former general partner which are in Plaintiff's possession or control have already been produced. Document No. 93, p.5-6. Plaintiff also states that Busey is not associated with Eagle II, and as a result it is unable to identify and separately produce the requested documents. *Id.* at 6. Plaintiff further argues that Busey's identity was disclosed during discovery, and that Defendant has a chance to depose Busey if it wanted further assistance in identifying the documents it requested. *Id.*

If all of the documents which are in the custody and control of the Plaintiff have been produced, that is all it can produce. This Court cannot order the production of documents which are not in the possession, custody, and control of the party from which discovery is sought. FED.R.CIV.P. 26(a)(1)(B).

---

[4]Busey, an accountant, is no longer affiliated with the Plaintiff. Document 98, p.5.

Additionally, Busey could have been deposed by the Defendant. As the Defendant is the party seeking information from Busey, who is neither a party to this litigation nor associated with the Plaintiff, Defendant should expend its time and resources to obtain the information it seeks.

Therefore, the Defendant's request for documents in support of the Busey Summary is denied.

**Correspondence Between Jacques Khodara and North East Waste Services, Inc.**

Finally, Defendant also requests production of any correspondence between Jacques Khodara and North East Waste Services, Inc. regarding the sale of the landfill. Document No. 89 ¶, 23. Plaintiff initially told the Defendant that the issue with production of these documents was relevance (Document No. 93-2, Exhibit A), but Plaintiff now asserts that all of the documents which constitute the correspondence which Defendant is asking for have already been produced. Document No. 93, p.5; Document No. 93-3, Exhibit B. Defendants apparently accept this latest statement (Document No. 98, p.5), and this Court cannot order the production of documents which do not exist. *Washington*, 232 F.R.D. at 13. Accordingly, the Defendant's request for those documents is denied.

**AND NOW,** this 3rd day of August, 2007, after consideration of Plaintiff's Motion for Reconsideration and Response to Motion to Compel (Document No. 93) and Defendant's Response to Plaintiff's Motion for Reconsideration (Document No. 98), and after reconsideration of Defendant's Motion to Compel Discovery (Document No. 89), IT IS HEREBY ORDERED THAT the Plaintiff's Motion for Reconsideration is GRANTED and the Court's Order of June 8, 2007 (Document No. 92) is WITHDRAWN; IT IS FURTHER ORDERED THAT Defendant's Motion to Compel Discovery is GRANTED in part and DENIED in part; IT IS FURTHER ORDERED as follows:

1. Tax Returns and Financial Statements of Eagle II for periods which Eagle is claiming it was damaged **must be produced within 30 days "if found";**

2. A copy of the agreement between Eagle II and Eagle III **will be made available for review, but not copying, within 30 days,** at a place and time mutually agreeable to both parties' counsel;

3. Documents used in the preparation of the Busey Summary which are not in the possession or control of Plaintiff **do not need to be produced** by the Plaintiff; and

4. Correspondence between Jacques Khodara and North East Waste Services, Inc. regarding the sale of the landfill **do not need to be produced** by the Plaintiff because they have already been produced.

BY THE COURT:

_____
**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**