**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

KHODARA ENVIRONMENTAL II, INC., General Partner and on behalf of EAGLE ENVIRONMENTAL II, L.P.,

Plaintiff,

v.

CHEST TOWNSHIP,

Defendant.

CIVIL ACTION NO. 3:2002-96

JUDGE GIBSON

**MEMORANDUM OPINION and ORDER OF COURT**

**GIBSON, J.**

This matter comes before the Court on the Plaintiff's Motion to Strike Affidavit in support of Defendant's Motion for Partial Summary Judgment (Document No. 114). The Defendant has filed a response stating its opposition. *See* Document No. 117. The Court rules on this motion first before addressing the pending motions for partial summary judgment (*see* Document Nos. 99 and 102) in this matter because of its potential impact upon the Court's ability to review a certain affidavit in the summary judgment record.

In support of its motion for partial summary judgment, Chest Township (hereinafter "Defendant") has submitted the affidavit of Mr. Carl Michael (hereinafter "Michael"), a township supervisor for the Defendant. *See* Document No. 103-3. Eagle Environmental II, L.P. (hereinafter "Plaintiff") challenges the admissibility of eleven portions of Michael's affidavit, identifying each paragraph or exhibit in issue. The basis of the Plaintiff's motion is either a lack of personal knowledge

of Michael, hearsay, authentication or improper expert evidence.

Guiding the Court in this analysis is Federal Rule of Civil Procedure 56(e) which states in pertinent part: "a supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." If the Court finds the Plaintiff's motion to strike meritorious as to any matter in the affidavit the Court may strike that specific matter, but consider the remainder of the affidavit. *See Deary v. Evans*, 570 F.Supp. 189, 193 n. 6 (D.V.I. 1983). It is noted that Mr. Michael has been a township supervisor since 1998 and his affidavit is "based upon [his] personal knowledge and from [his] review of public records kept in the ordinary course of business by Chest Township...." Michael Affidavit, ¶ ¶ 1, 22.

The Court addresses each of the Plaintiff's objections in turn.

First, with regard to the first sentence of paragraph five of the affidavit, the Plaintiff challenges the language "was promulgated as a result of studies done by the Pennsylvania Department of Transportation in 1983 and 1985" under F.R.E. 602( "Lack of personal knowledge") and 802 ("Hearsay Rule"). The Defendant argues that this is not hearsay, but an explanation as to why the ordinance was passed. Defendant's Response, p. 3. Although Michael was not a township supervisor on August 9, 1997 when the "Township Road Weight Limit Ordinance" was approved, this does not exclude the possibility that Michael was an observer of township government actions with respect to this matter. Additionally, personal knowledge of a matter included in an affidavit under Rule 56(e) may be based not only upon knowledge gained through one's sensory perceptions, but through a review of records of the matter in question. *See Washington Central Railroad Co. v. National Mediation Board,* 830

F.Supp. 1343, 1353 (E.D.Wash. 1993). Therefore, Michael's review of records as indicated in his affidavit may also be the basis of this knowledge rather than hearsay. The motion is denied as to this objection.

Second, paragraph five is challenged again based upon the alleged absence of personal knowledge under F.R.E. 602 as to the fact that "[t]here are many coal and timber operations in Chest Township." Michael's residence in Chest Township in addition to the basis stated previously regarding the first objection serve to demonstrate the personal knowledge sufficient to overrule this objection.

Third, paragraph five is challenged as to the statement that "[t]his Ordinance replaced an earlier Weight Limit Ordinance to achieve consistency with PennDOT's regulations and PennDOT publication 221" on the basis of F.R.E. 602 and F.R.E. 802. Once again, the Court finds no basis to conclude that Michael does not have personal knowledge of these matters or that he is only aware of them because of hearsay statements that would be inadmissible at trial. The motion is denied as to this objection for the reasons set forth in the previous two paragraphs.

Fourth, the Plaintiff moves to strike exhibit three to the affidavit which is a series of documents that Michael swears are "studies done by the Pennsylvania Department of Transportation", Michael Affidavit ¶ 5, because of a lack of personal knowledge, hearsay and authentication under F.R.E. 901 ("Requirement for Authentication or Identification"). Defendant's response indicates only that the documents are not hearsay because Michael will not be testifying about the truth of the information contained within them. The documents in exhibit three are from the 1980s, 1990s and the year 2000. Michael has sworn that these documents were the bases for the enactment of the weight limit ordinance and the content of exhibit three is not otherwise referred to in the affidavit. If the documents in exhibit

three are referred to just to orient the Court as to the township's motivation, and not the truth of its contents, there is no need for the exhibit to be admitted according to F.R.E. 602, 802, or 901. The Motion to strike is denied as to this objection.

Fifth, the portion of paragraph six describing "the background of the Anti-dumping Ordinance" is objected to by the Plaintiff based upon F.R.E. 602 and F.R.E. 802. This ordinance was enacted while Michael was a township supervisor, so his personal knowledge as to such matters as to who wrote it, if it was altered after its initial drafting, and the purpose it served is not hearsay and would certainly be within Michael's personal knowledge as a township supervisor and will not be stricken. With regard to Michael's comment that he was "told that a code enforcement officer would be hired", this is hearsay and is stricken from the affidavit, but his knowledge that an Ordinance was required in order for a code enforcement officer to prevent dumping is an admissible fact.

Sixth, the Plaintiff objects to the language of paragraph eight of the affidavit which states: "Weight Limit and Anti-dumping Ordinance were passed to protect the Township from road damage and illegal dumping and not to discriminate against any business or person engaged in interstate commerce." The Plaintiff objects to this statement noting F.R.E. 602 and F.R.E. 802 as the evidentiary basis of this objection. Plaintiff's Motion, p. 3. The Plaintiff is clearly unsatisfied that Michael's statement is personally known to him or came to be known to him after a review of "unidentified 'public records.'" Plaintiff's Motion, ¶ 5. However, the Court is satisfied that Michael's residency, the commencement of his service as a township supervisor within months after the enactment of the Road Weight Limit Ordinance and the fact that he was a township supervisor at the time of the enactment of

the Anti-Dumping Ordinance, in addition to any information he obtained from a review of records available to him, provide bases for him to state what the motivation was for the enactment of these ordinances in light of public debate on the issues and the policy-making powers of the township supervisors. His personal knowledge also eliminates any hearsay concerns. The motion as to this language is denied. Seventh, the Plaintiff objects to paragraph nine of the affidavit based upon F.R.E. 602, 702 and 802 because it "purport[s] to identify local benefits conferred by the Weight Limit Ordinance and Anti-dumping Ordinance." Plaintiff's Motion, p. 4. The Court disagrees, for the reasons stated in the analysis of the sixth objection. Michael is a resident and township supervisor of Chest Township, and would be aware of what the township spends on its road system, the condition of its road system and other issues within the township, including illegal dumping on private property. To the extent Michael is offering an opinion, the Court will accept it as a layman's opinion on matters upon which he has personal knowledge under F.R.E. 701, not as an expert opinion under F.R.E. 702 and accord it the weight and consideration that it deserves within a motion for summary judgment. It is therefore noted that matters of opinion may present issues of credibility that are inappropriate for consideration in evaluating motions for summary judgment. However, "[t]he use of opinion evidence in the form of an affidavit is appropriate to support or oppose a motion for summary judgment. Opinion testimony that would be admissible at trial may be considered. *PNC Bank, National Ass'n v. Liberty Mut. Ins. Co.*, 912 F.Supp. 169, 177 (W.D.Pa. 1996)(citation omitted) *aff'd*, 101 F.3d 691 (3d Cir. 1996). The Plaintiff's motion is denied as to this paragraph of the affidavit.

As for the eighth, ninth, tenth and eleventh objections raised as to paragraphs ten, eleven, twelve

and thirteen, based upon a lack of personal knowledge and hearsay (F.R.E. 602 and 802), the Court denies the motion. The Plaintiff has presented no colorable challenge to Michael's personal knowledge of these matters, whether through his perception of such facts or after a review of records containing such facts, nor has the Plaintiff otherwise proven that such knowledge is a result of hearsay.

**AND NOW**, this 26th day of October, 2007, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Plaintiff's Motion to Strike Affidavit in support of Defendant's Motion for Partial Summary Judgment (Document No. 114) is GRANTED IN PART as to the paragraph six of the affidavit wherein it is stated "We were told that a code enforcement officer would be hired" and that matter is stricken as it is hearsay, and DENIED IN PART as to the remainder of the Motion.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**